# CASES ARGUED AND DECIDED

——IN THE——

# SUPREME COURT OF MISSISSIPPI

——AT THE——

## OCTOBER TERM, 1892.

W. W. GEORGE, EXECUTOR OF S. A. RAGSDALE, *v.* SALLIE
A. HEWLETT.

| 70 | 1 |
|----|----|
| 70 | 654 |
| 70 | 1 |
| 71 | 401 |

1. INFANT. *Replevin for property sold. Defense. Estoppel.*

Where one, during infancy, sells personal property, receiving part of the price, and on attaining majority brings replevin for the property, and the suit is defended upon a general denial of his right to the property, it will not avail the defendant to show at the trial that there had been no formal renunciation of the contract of sale before suit.

2. SAME. *Placing in statu quo. Practice. Estoppel.*

Nor can the defendant, after such general denial of plaintiff's right, rely upon the defense that he had advanced, for the minor, money to pay certain storage charges on the property, and that plaintiff had failed to pay or tender him the amount before suit.

3. REPLEVIN. *Demand. General defense. Estoppel. Practice.*

Where one is lawfully in possession of personal property, having a charge upon it or the like, a demand by the owner is necessary to perfect his right to maintain replevin; but, when sued, if the defendant stands his ground, and contests the right of property in the plaintiff, he cannot afterward change his position and rely upon the want of demand, or other merely preliminary step, as a defense.

70 Miss.—1c

4. SAME.   *Property destroyed by fire.   Liability of sureties.*

> In replevin for property wrongfully taken or withheld, where the defend-
> ant gives bond for its forthcoming, the plaintiff, on recovering, is en-
> titled to judgment against the obligors on the bond for the value of the
> property, though, without their fault, it is destroyed by fire after the
> execution of the bond.   *Whitfield* v. *Whitfield,* 44 Miss., 254, overruled.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The facts are stated in the opinion. Plaintiff had judg-
ment in the court below. Motion for new trial overruled.
Defendant appeals.

*Walker & Hall,* for appellant.

1. The court erred in excluding the evidence offered to
show the destruction of the property by fire without the de-
fendant's fault. *Whitfield* v. *Whitfield,* 44 Miss., 254; *Irion* v.
*Hume,* 50 *Ib.,* 419; *Atkinson* v. *Foxworth,* 53 *Ib.,* 741.
These cases hold that it is a good defense to establish the
loss or destruction of property without the fault of the per-
son having custody thereof.

Under the ruling of the court below, it would be perilous
to either party to a suit to give bond for the forthcoming of
property. It is to the interest of all concerned that one of
the parties should give bond for property in replevin. The
law encourages this. The party giving bond should not be
placed in any worse attitude than the sheriff should the
property remain in his hands. It will not be contended that
the sheriff would be liable for property destroyed, without
his fault, while in his custody.

2. If it be conceded that a defendant in replevin, having
no shadow of right to the property, acts at his peril in giving
bond for its forthcoming, yet no such case is presented here,
for Mrs. Ragsdale was in no sense a *mala fide* holder. The
property came lawfully into her possession, and she advanced
the storage charges thereon. It was for plaintiff to relieve
it from the burden of such charges by showing payment.

3. Plaintiff's minority would, at most, only make the sale to defendant voidable, and, until it was avoided, the possession of Mrs. Ragsdale was legal.

*Mala fide* holding could not be predicated of the facts of this case. Defendant had the legal as well as moral right to bond the property and litigate with plaintiff concerning it.

*Witherspoon & Witherspoon* and *E. H. Dial* for appellee.

The testimony offered by defendant was properly excluded. A replevin bond requires the return of property in as good condition as when taken. Wells on Replevin, § 422.

Destruction of the property does not shield the defendant if possession was wrongfully acquired, in violation of trust, or by fraud or force, or when characterized by tort. Wells on Replevin, §§ 455, 600; Sedgwick on Damages, 500; *De Thomas* v. *Weatherley*, 44 Am. R., 545 s.c. 61 Cal., 42.

There is a difference between the death of animals and the destruction of inanimate property in such cases. If an animal should die without fault of him who has it in possession, the same result would have followed if it had been in the possession of the owner. But this does not follow where property, bonded by a defendant, is destroyed by fire. In this case, if the defendant had permitted the property to be taken from the hotel, it would not have been destroyed.

The case of *Whitfield* v. *Whitfield*, 44 Miss., 254, relied on by appellant, was an action of detinue.

Cooper, J., delivered the opinion of the court.

This is an action of replevin, brought by the appellee against the testatrix of appellant, to recover possession of numerous articles of personal property, among which were a piano, piano stool and cover, a sewing-machine and a diamond ring. The articles, other than those specifically named, were delivered to the plaintiff upon her entering into bond, conditioned as the law directs. The officer failed to find the diamond ring, and, upon his return to that effect, the plaintiff counted in trover for said ring, under § 2619, code 1880.

The piano, stool and cover and the sewing-machine were redelivered to the defendant upon her entering into the statutory bond, with sureties, for the forthcoming of the same to answer to such judgment as might be rendered. The plaintiff, having shown title to the property, secured a verdict and judgment for the property or its alternative value as assessed by the jury.

The following facts give rise to the errors assigned:

Mrs. Hewlett is the daughter of the testatrix, and the property sued for was, during her girlhood or at her marriage, presented to her by her father or mother. Soon after her marriage, and while she resided in Birmingham, Ala., she was adjudged insane, and committed to the lunatic asylum of that state. The piano and sewing-machine were left in storage in Birmingham during the time of Mrs. Hewlett's insanity. Upon restoration to sanity, she returned to the home of her parents, at Meridian, and directions were sent to the warehouseman to forward the articles to Meridian, and they were accordingly shipped, but were sent to Mrs. Ragsdale, the testatrix, instead of to Mrs. Hewlett. The reason given by the warehouseman for sending them to Mrs. Ragsdale was that he feared he would not receive his charges for storage if sent to Mrs. Hewlett. Mrs. Ragsdale paid these charges, something over six dollars, and the piano and machine were placed in Mrs. Ragsdale's house, of which Mrs. Hewlett was then an inmate.

Subsequently the mother and daughter disagreed, and the daughter left her mother's house. At or soon after this, there then being bitter feeling between them, Mrs. Ragsdale paid to Mrs. Hewlett some small sum of money, either fifteen or fifty dollars, in consideration of which Mr. Hewlett executed a bill of sale of the piano and machine to Mrs. Ragsdale. Mrs. Hewlett being, at that time, a minor, she afterwards, but without having formally repudiated the contract of sale, demanded possession of the property, which being refused, she instituted this suit. It was further shown on the trial

that, pending the suit, the residence of the testatrix had been destroyed by fire, and the piano, stool and cover and the sewing-machine burned, without fault of the testatrix.

Upon these facts the appellant contends—

*First.*—That the plaintiff could not recover the property without a formal renunciation of the contract of sale, which was not shown.

*Second.*—That she was not entitled to the possession of the property without first having paid or tendered the storage charges paid by Mrs. Ragsdale.

*Third.*—That the loss by fire, without fault of Mrs. Ragsdale, of the piano, stool, cover and sewing-machine, discharged her of liability therefor.

We are of opinion that the defendant was precluded from making either of the defenses suggested in the first two assignments as above noted, by reason of having defended the suit upon a general denial of the plaintiff's right to the property. A demand by the plaintiff for the restoration of the property implied a repudiation of her contract of sale.

Where the defendant is lawfully in possession of property, a demand by the owner is necessary to perfect a right to sue; but if the defendant, being sued, stands his ground, and contests the right of property in the plaintiff, he cannot afterwards change his position and rely upon the want of demand in defense. Wells on Replevin, § 374.

For the same reason, the fact that Mrs. Hewlett did not tender the storage charges upon the articles was rendered immaterial. Mrs. Ragsdale, so far as appears by the record, made no claim for such charges; nor did she evidence any willingness to surrender possession upon payment thereof. Nor does it appear that the plaintiff knew that any charges had been paid by her. This defense is clearly an afterthought, interposed to defeat an impending verdict upon the real controversy between the parties.

The third position assumed by counsel presents a more substantial question, and one not free from difficulty in the

light of former decisions of this court. We have, however, reached the conclusion that the court did not err as to the executor of Mrs. Ragsdale, in holding the destruction of the property not to operate as a release of her liability, even though it resulted from circumstances beyond her control, and without her fault.

In *Whitfield* v. *Whitfield*, 44 Miss., 254, it was held that the emancipation of slaves by the government precluded a plaintiff suing in detinue from recovering their value against the defendant in whose possession they were when freed. The court seems to have been controlled by the technical rules of the action of detinue, though much that is said in the opinion would be equally applicable to actions of replevin.

"We are of opinion," said Tarbell, J., who delivered the opinion of the court, "that the solution of this case is found in the divestiture of the plaintiff's title to the slaves by the sovereign authority, subsequent to the institution of the suit. Not only was the plaintiff divested of title, but the defendant was legally dispossessed of the property. This conclusion, we think, is founded in reason and justice, and may be sustained upon general principles, independently of adjudicated cases. Indeed, it is one of the peculiar features of the action of detinue, that when judgment is for the specific property, or its alternate value, payment of the value vests title in the defendant, which is defeated where title has passed to third parties, or, as in the case at bar, where title in either party is rendered impossible or illegal by operation of law."

It is apparently conceded throughout the opinion that if the loss or destruction of the property is caused by the fault of the defendant, the plaintiff may recover its full value, though it is manifest that, under such circumstances, there would be no title in the plaintiff at the time of trial, nor would payment of the judgment vest title to the property in the defendant. The whole argument of the court in this case, as also that of the supreme court of North Carolina in *Bethea* v. *McLennon*, 1 Iredell's Law, 523, which was so much relied

on by Judge Tarbell, proceeds, upon what seems to us the radical error, of excusing the original wrong of the defendant in taking or withholding the property of the plaintiff by reason of the circumstances of the event by which the property is destroyed. The defendant is thus permitted to unlawfully keep the plaintiff out of possession of his own, and yet to cast upon him the risk of its destruction by natural causes or inevitable accident. It is to be noted also that the rule established applies only because of the technicalities of the action, and may be evaded by the plaintiff's dismissing the action of detinue, and counting in trover for the conversion of the property. If he pursues this course, the rule of damages, supposed to be founded in reason and justice, is dissolved, and the loss flowing from the destruction of the property is re-imposed upon the defendant.

In *Whitfield* v. *Whitfield* the controlling factor in the decision seems to have been that in detinue the plaintiff seeks to recover the specific thing, and damages for its detention, and but little force is given to the right also asserted in the suit to have the alternate value, if the thing itself cannot be recovered. We are unable to yield our convictions to the unsatisfactory and exceedingly technical reasoning of the court in that case. The decided weight of authority is against it, and "reason and justice" oppose it. Wells on Replevin, §§ 455, 601, and authorities there cited.

The cases of *Young* v. *Pickens*, 45 Miss.; *Irion* v. *Hume*, 50 *Ib.*, 419; and *Atkison* v. *Foxworth*, 53 *Ib.*, 741, stand upon totally different principles. They were cases of attachment or execution levied upon property, in which bonds had been executed for the forthcoming of the property and the property lost or destroyed without fault of the obligors. There was no precedent wrong or trespass by which the property was taken from the owner, and the liability of the obligors rested wholly upon *contract*, the performance of which having been rendered impossible, without fault on the part of the obligors, they were held to be

discharged. It is quite a different thing to say, as was decided in *Whitfield* v. *Whitfield*, that inability to produce the property, the subject-matter of the litigation, excuses from liability for the precedent wrong of taking or holding it against the true owner. That case is overruled to the extent that it announces the rule of non-liability of the defendant to respond in damages for the value of the property lost.

*Judgment affirmed.*

NOTE.—This case was decided at the October term, 1890, and should have been reported in 68 Miss., but, through some inadvertence, it was omitted.