**Robert Scott and F. C. Dixon v. Milward H. Rogers, for the use of Abraham Beard, and Nathan Beard, Executors of the Last Will of Abraham Beard.**

1. ACT OF GOD—*When Not an Excuse for Failure to Return Property.*—One who wrongfully takes the property of another, although under a writ of replevin, can not escape liability for the value of the property by showing it was destroyed by the act of God.

2. ATTORNEY FEES—*Suit on a Replevin Bond.*—Fair and reasonable attorney fees expended by a successful defendant in a replevin suit may be subsequently recovered in an action of debt on the replevin bond.

3. PRACTICE—*Absence of a Bill of Exceptions.*—In the absence of a bill of exceptions, no questions can be considered in the Appellate Court except such as arise upon the holding of the court below in settling the pleadings.

**Memorandum.**—Debt. In the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Declaration on a replevin bond; trial by jury; verdict and judgment for plaintiff; error by defendant. Heard in this court at the December term, 1894, and affirmed. Opinion filed January 24, 1895.

BRIEF FOR PLAINTIFFS IN ERROR, L. D. THOMASON, ATTORNEY.

Anderson's Law Dictionary defines " act of God " as being such inevitable accident as can not be prevented by human care, skill or foresight, but which results from natural causes, such as lightning and tempest, floods or inundations, something superhuman, or something in opposition to the act of man. In the case of Ill. Cen. R. R. Co. v. Bethel, 11 Brad. 26, this court said: " Such a flood is said to be a visitation of Providence, and the destruction it brings with it must be borne by those to whom it happens to fall." Thus recognizing the plea of act of God as a good defense.

A storm of unusual or extraordinary violence. Phil., etc., R. R. Co. v. Anderson, 6 Am. & Eng. R. R. Cases, 407. A storm greater and more destructive than had been experienced within forty years. Nashville, etc., R. R. Co. v. Davis, 6 Heisk. (Tenn.) 261; Nashville, etc., R. R. Co. v. King, 6 Heisk. (Tenn.) 269.

The freezing of a canal or river. Bowman v. Teal, 63 Mo. 230; Wolf v. Am. Ex. Co., 43 Mo. 422.

Lightning, earthquake, sudden death or illness. Gillott v. Ellis, 11 Ill. 579.

And where the plaintiff was injured by the fall of a liberty pole, caused by a gale of wind, it was held that no one was responsible to him. Alleghany v. Zimmerman, 95 Pa. St. 287.

It is a well established law that a carrier of goods is not

liable for loss or damage which happens through the act of God, the enemies of the State, etc. 2 Thompson on Trials 1344, Sec. 1850; Forward v. Pittard, 1 T. R. 27.

### Brief for Defendants in Error, Pepper & Scott, Attorneys.

One who wrongfully takes the property of another, though under a valid writ of replevin, can not shield himself from liability for the value of the same on the ground that after such taking the property has been destroyed by inevitable accident. Suppiger v. Gruaz, 137 Ill. 216; Same v. Same, 36 Ill. App. 60; Schott v. Youree, 142 Ill. 233; Cobbey on Replevin, Sec. 830.

It has been repeatedly held by the Appellate Court that a successful defendant in a replevin suit can recover, in a suit on the bond, the amount of attorney's fees necessarily incurred in defending his right to his property and securing the return thereof. Hartz v. Wendell, 26 Ill. App. 274; Dalby v. Campbell, 26 Ill. App. 502; Horner v. Boyden, 27 Ill. App. 573; Seigel v. Hanchett, 33 Ill. 634.

To the same effect is Cobbey on Replevin, Sec. 1358.

Mr. Justice Harker delivered the opinion of the Court.

This suit was commenced against the plaintiffs in error upon a replevin bond, executed to Rogers, as constable, in a certain replevin suit for a heifer, by Robert Scott against Abraham Beard and Nathan Beard. There was a recovery against the plaintiffs in error.

There is no bill of exceptions, and all the questions for our consideration arise upon the holdings of the court below in settling the pleadings.

The declaration recites the execution and delivery of the bond, the replevin of the property, a trial of the right of it, and a finding against Scott, an order of *retorno*, and a failure to return the property in compliance with the order and judgment. The bond was executed to *Melville* H. Rogers, and the *præcipe*, summons and declaration contained the name of *Melville* H. Rogers, as nominal plaintiff, instead of

*Milward* H. Rogers, the true name of the nominal plaintiff. A plea in abatement having been filed, the *præcipe*, summons and declaration were, upon leave of the court, so amended as to make *Milward* H. Rogers nominal plaintiff.

We see no force in the objection that the bond, the approval of it, and other papers, were not amended to correspond with the *præcipe*, summons and declaration. The bond was not given in this suit and could not be amended in it.

To the amended declaration, plaintiffs in error plead: 1. *Nil debet*. 2. Failure of the jury to find the value of the property in the replevin suit. 3. Failure of the court to enter alternative judgment in that suit. 4. Impossibility of returning the property, because it was dead at the time of the trial of the replevin suit. 5. That the death of the property was the act of God. To all of which the court sustained a demurrer.

The court properly sustained a demurrer to these pleas. Plaintiffs in error offer no argument in support of any but the fifth. That reads: " And for a further plea in this behalf, defendants say that the plaintiff ought not to have his action against them, because they say the death of the property in question was an act of God, and that they are not liable therefor, and this they are ready to verify."

Aside from the objection that the plea does not aver that the property died after the institution of the replevin suit, the plea is bad because one who wrongfully takes the property of another, although under a writ of replevin, can not escape liability for the value of the property by showing it was destroyed by act of God. Cobbey on Replevin, Sec. 830: Suppiger v. Gruaz, 137 Ill. 216.

The court again allowed the declaration to be amended. It was amended so as specifically to set up as damages the attorney fees paid out in defending the replevin suit. Plaintiffs in error again demurred, but the court overruled the demurrer. They now insist that attorney fees incurred in the successful defense of a replevin suit, can not be recovered in a suit on the replevin bond. This precise question has never been passed upon by our Supreme Court so far as we are ad-

vised. It has been repeatedly held by that court, however, that such items of damage are recoverable in suits on attachment bonds. The condition in a replevin bond for the payment of damages for the wrongful suing out of the writ is, under the present statute, the same as the condition in an attachment bond for the wrongful suing out of the writ. We are led, therefore, to the conclusion that fair and reasonable attorney fees expended by a successful defendant in a replevin suit, may subsequently be recovered as damages in an action of debt on the replevin bond. In this view we are sustained by authority. Cobbey on Replevin, Sec. 1358; Hartz v. Wendell, 26 Ill. App. 274; Dalby v. Campbell, 26 Ill. App. 502; Seigel v. Hanchett, 33 Ill. App. 634.

We can not consider the fifth error assigned and argued, that the court improperly admitted the bond in evidence, for the reason that no bill of exceptions has been preserved.