H. Cohen & Co. et al. v. John I. Adams & Co.

No. 837.

1. **Replevy Bond Given in Aid of Wrongful Possession—Liability on—Order of Court as Defense.**

In an action against a trustee for the benefit of creditors and his assignors, plaintiffs' petition charged the defendants with having conspired to defraud plaintiffs by obtaining goods by false representations and fraudulently transferring them by the trust deed. The goods were seized under plaintiffs' writ of sequestration and were replevied by the trustee. Held, that it was no defense for the trustee and the surety on his replevin bond that the goods were taken from the trustee's possession on an order of court in another action appointing a receiver, nor can plaintiffs be required to follow the goods into the hands of the receiver.

2. **Parties—Garnisheeing Creditors.**

In an action by a vendor against his vendees and their trustee for the benefit of creditors, to recover goods the sale of which was procured by false representations, the defendants have not the right, as against the plaintiffs, to make other creditors who have garnisheed the trustee parties to the suit and have them litigate their rights therein.

3. **Evidence—Statements by Partner.**

Statements by a partner made after the firm had ceased doing business, and in a petition filed by him against the other partner, are not binding on the firm as admissions in favor of third parties, nor admissible in evidence for such purpose.

4. **Fraud—Vendor's Right to Rescind Sale and Recover Goods.**

In an action by a vendor to recover goods the sale of which was procured by false representations, the plaintiff must prove that such representations were made, and that they were false and fraudulent, and that, relying upon them, he was induced thereby to part with the goods, in order to be entitled to rescind the sale and recover the property.

Appeal from Navarro. Tried below before Hon. Rufus Hardy.

*R. S. Neblett, W. J. McKie* and *Simkins & Simkins,* for appellants.

—1. The goods involved in this suit having been taken from the con-

trol and possession of I. P. Levy and his sureties on the replevy bond under the process and power of the court, in vacation, and never returned, said Levy and his sureties were thereby released from liability on the bond. Pait v. McCutchen, 43 Texas, 291; Heidenheimer v. Brent, 59 Texas, 533.

2. If the goods involved in this suit belonged to H. Cohen & Co., the service of a writ of garnishment on Levy, the trustee created a lien on the goods, and the creditors levying the writs of garnishment should have been made parties to this suit, so the issue of title in Cohen & Co., could be settled in one suit, and not involve the necessity of trying that issue in two cases. Focke v. Blum, 82 Texas, 436.

3. The court erred in admitting in evidence the petition of J. D. Stokes, filed in the case of J. D. Stokes v. M. Cohen, I. P. Levy and others: 1st. Because the statements in said petition made by Stokes could bind no one but Stokes. 2d. Because one of these appellants, to-wit, Stephen Smith, was not a party to the suit of Stokes v. Cohen. in which said petition was filed, and he could not be bound or prejudiced by the statements in such petition. 3d. Because Stokes was not a party to this suit and the statements in the petition were mere matters of opinion and could not bind, even, Stokes. 4th. Because it was an ex parte statement and appellant ought not to be deprived of their right to cross examine. Railway v. Heidenheimer, 82 Texas, 195.

*Croft & Croft*, for appellees.—Where a suit is brought for the recovery of goods obtained under fraudulent representations, with the intent on the part of the purchaser not to pay for them as promised, and the property is sequestered by the plaintiff in accordance with law, and afterwards replevied by the defendant, in whose possession they were found, the party replevying the same must hold the goods subject to the suit in which the sequestration issued, according to the tenor and effect of his replevin bond, and can not release himself and sureties by colluding with other parties, in suits or otherwise, so as to deprive the plaintiff of the title, possession or value of the goods replevied at the end of the suit, in case suit should be decided in favor of plaintiff. Fowler v. Stonum, 6 Texas, 60; Wilkins v. Weller, 1 White & W. C. C., sec. 879; Sayles' Rev. Stats. art. 4499.

2. If the goods involved in this suit did not belong to H. Cohen & Co., service of writ of garnishment on Levy, trustee, either before or after the property was turned over to the receiver (which is not stated by appellants), and the creditors do not follow up their garnishment lien, if any, against the trustee or receiver, the goods involved would not be subject to any intended garnishment lien of creditors, and H. Cohen & Co. or the trustee could not be heard to complain.

3. The admission of one partner, or where there are several parties to the record on the same side and a joint interest or privity of design between them, the admission of one, is the admission of all. Hardy v.

DeLeon, 5 Texas, 211; Tuttle v. Turner, 28 Texas, 759; Greenleaf Ev., secs. 171-173.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted December 12, 1891, by the appellees, Jno. I. Adams & Co., against H. Cohen & Co., a mercantile firm composed of H. Cohen and J. D. Stokes, and I. P. Levy. The plaintiff's allege as their cause of action, that on or about December 2, 1891, they were induced by fraudulent representations made to them by H. Cohen & Co. to ship them from plaintiffs' house in New Orleans thirty-five barrels of molasses or syrup worth $543.40, or $15.52 per barrel; that the sale and shipment were made for cash on delivery, at the special instance and request of H. Cohen & Co., and that said merchandise. was reasonably worth the sum mentioned; that afterwards on the 9th day of December, 1891, H. Cohen & Co. and I. P. Levy combined and confederated together to cheat, wrong and defraud plaintiffs out of the value of said merchandise, and H. Cohen & Co. turned over the same without paying therefor to I. P. Levy by a deed of trust for the benefit of creditors, to the exclusion of plaintiffs, and that the merchandise is in the possession of Levy for the purpose of disposing of the same for the benefit of such other creditors, and to defraud plaintiffs out of its value.

That each and all of defendants are insolvent; that H. Cohen & Co. ordered the goods through plaintiffs' agent, and through him represented to plaintiffs, before the sale and shipment was made, that they had cash to pay for them and would pay therefor on delivery, and that they did nor wish any credit; that believing the representations so made by H. Cohen & Co., the thirty-five barrels of merchandise were shipped to them to be their property on the payment of said sum of money, but not otherwise; that said representations were false and fraudulently made in contemplation of insolvency, with the intention at the time to fraudulently procure the merchandise from plaintiff. That they neither had the cash, nor did they intend to pay for the goods, but procured them by false and fraudulent representations, as before stated, by reason of which the sale was rendered null and void, and plaintiffs damaged in the sum of $1000.

They prayed to be restored to the possession and ownership of the goods, for judgment against the defendants, jointly and severally, for the value of the merchandise in the event it could not be restored to them, and for a writ of sequestration. The writ was issued in pursuance of the prayer, the goods seized thereunder by the sheriff and replevied by the defendants filing a bond conditioned as provided by statute, with Stephen Smith as surety.

On March 8, 1892, the defendant, Levy, and Stephen Smith filed a special answer, in which they alleged their execution of the replevy bond described in the return of the sheriff on the writ of sequestration; that afterwards, while the goods replevied were in Levy's possession under such bond, and being by him held subject to the orders to be entered in

this cause, and with the right to return the same in satisfaction of any judgment that might be rendered in accordance with provisions of article 4502 of the Revised Statutes, the District Court, in cause No. 3684, in which J. D. Stokes was plaintiff, and H. Cohen, M. Cohen and I. P. Levy were defendants, by an order therein entered, took said goods from Levy's possession and from his control, M. Cohen's and Stephen Smith's, over their protest, and placed them in the hands and control of H. G. Damon, as receiver, and they had not been returned to defendants nor their proceeds delivered them. Wherefore they averred they were in no event liable on said replevy bond, and prayed that the plaintiffs be required, in the event they had any claim on the goods, to pursue the goods in the hands of H. G. Damon, receiver.

On the same day, the defendants, I. P. Levy and H. Cohen & Co., filed an answer, in which they plead (1) a want of parties, in that plaintiffs' petition discloses that H. Cohen & Co. conveyed the goods in controversy to defendant I. P. Levy by deed of trust, to be by him disposed of for the exclusive benefit of other creditors, and pray that such other parties, whose names are given, be made parties defendant, to the end that the rights of all parties may be adjusted; (2) that after the execution of the deed of trust and the goods sued for came in Levy's possession, certain parties, whose names are mentioned, instituted 'suit against H. Cohen & Co., and caused writs of garnishment to be served on Levy requiring him to answer in said suit what property or effects he had in his hands belonging to H. Cohen & Co., and asked that said garnishers be made parties, so their rights might be adjusted; (3) that if the payment of cash was made a condition precedent to the passing of title to H. Cohen & Co. of the goods in controversy, which they denied, such condition was waived by an absolute and unconditional surrender of the property to H. Cohen & Co., without making demand for the cash, whereby the goods became their property and they indebted to plaintiffs for them. In this answer Levy asked, if judgment was recovered against him, for judgment over against H. Cohen & Co., and also repeated his prayer for Damon, the receiver in cause No. 3684, to be made a party.

Exceptions were sustained to the answer of Cohen & Smith, and to paragraphs 1 and 2 of the other answer. Whereupon the defendants, by a trial amendment, filed October 25, 1894, plead with greater particularity, substantially the same matters; and exceptions to this amendment being likewise sustained, they moved for a continuance, which being overruled, the cause was tried before a jury who returned a verdict for plaintiffs in the sum of $537.90, upon which the judgment was rendered from which this appeal is prosecuted.

*Opinion.*—It will be seen from the allegations of appellees that their cause of action against Levy is based upon the ground that the goods were acquired by his combining and confederating with their fraudulent captors to cheat and defraud appellees of their value. If there was such wrongful acquisition by Cohen & Co. and fraudulent combination with

them by Levy, the appellees were entitled to pursue the wrongdoers with the aid of the process invoked, and to reclaim possession of their property or recover its value. They took this course, and their goods (if they have alleged the truth) were seized in the hands of him who obtained their possession through a conspiracy with the original wrongdoers to defraud them of their value. When they were levied upon, I. P. Levy gave a replevy bond obligating himself to have the property forthcoming to abide the decision of the court in this case, or pay the value thereof, and thereby retained his wrongful possession; and now, when he is called upon to meet the obligation of his bond, he answers the demand by saying "a district judge forced me to surrender my possession to a receiver appointed in another case, and as I cannot, therefore, produce the property, my obligation is discharged, and, if appellees want their property or its value, they must look to the receiver and not to me." If he acquired possession of the property through the alleged fraudulent conspiracy, his possession, as against appellees, was wrongful, and his retention of it under a replevy bond did not make it right, but rather aggravated the wrong. If he did not know of Cohen & Co's. fraudulent acquisition of the property when he recovered it from them, he was charged with full knowledge of it and of appellees' right to it by the allegations in their petition upon which the writ of sequestration was issued. He knew that any right to the property he might have was amply secured by the sequestration bond, the possession of the sheriff under the writ, or, the bond of appellees, if they should replevy; yet with this knowledge, he fortifies his wrongful possession by giving a replevy bond, which had he not done, his compulsion to surrender the property would never have occurred, but it would have remained in the custody of the sheriff, or gone in possession of appellees, to whom it belonged, had they seen fit to replevy it, and no further obligation would have rested upon Mr. Levy.

The appellants do not show in their answer that either of the goods or their proceeds are "in the hands of the receiver," and unless they are, it would be fruitless to send appellees to him for their merchandise or its value. They were not parties to the suit in which the receiver was appointed. They had nothing to do with it and are in no way affected by any of its proceedings. They can no more call in question the action of the judge in that case than we can, without having the record of his proceedings before us for revision. The appellees' rights and appellants' obligations are determinable only from the record made in this cause to which they were all parties, and it is to questions arising from it we are to address ourselves, and upon them to announce our opinion. If this record showed that Levy's possession was rightful, or held under a bona fide claim of right, we might consider whether he and his bondsman would be responsible for the loss of such possession occasioned through no fault of theirs in the manner alleged, but as appellees' cause of action is based upon it being wrongful and fraudulent, the impossibility of performing the condition of their bond by Levy and his surety in de-

livering the property, though occasioned by no fault of theirs, will not shield them from a judgment thereon for its value. Porter v. Miller, 7 Texas, 409; Wells on Replevin, sec. 455; Scott v. Rogers, 56 Ill. App., 571; Arthur v. Sherman (Wash.), 39 Pac. Rep., 670; George v. Hewlett, 70 Miss., 1, 12 So. Rep., 855; McPherson v. Acme Lumber Co. (Miss.), 12 So. Rep., 855; Supinger v. Granz, 137 Ill., 216, 27 N. E. Rep., 22; Schott v. Youree, 31 N. E. Rep., 591; Suydane v. Jenkins, 3 Sandf., 644; Seamon v. Paddock, 55 Mo. App., 296. Some of these cases hold that the liability for the value of property on the forthcoming or replevy bond of a wrongdoer, in cases like this, cannot be escaped by showing that it was destroyed by the act of God; and we are inclined to think that the action of a judge in proceedings for contempt is not more potent and furnishes no better defense in cases of this character than the act of God.

As has been said, appellees' cause of action is against these appellants, and they can not be driven from or deprived of it by being compelled to proceed against another party. If the appellees had set up a cause of action against the receiver, showing that they were entitled to judgment over against him in the event of a recovery from them, and cited him to answer, the court would have doubtless sanctioned such action and granted them such relief as they might have shown themselves entitled to, but they had no right to have appellees let them alone and force them to go on to a stranger for redress. If the appellants can show a right to recover of the receiver in event of judgment against them, this may, upon proper pleadings, be done upon another trial, provided it does not delay appellees' action.

If the parties who had garnished appellee Levy did not see fit to intervene in this case, he had no right as against appellees to make them parties in this suit. Upon an answer by him truly setting forth all the facts, such action could have been had in the garnishment as would have furnished him ample protection, which was all he had any right to demand. For the reasons above stated, we are of opinion that the court did not err in its rulings upon appellants' pleadings.

The assignment of error which complains of the admission in evidence, over appellants' objection, of the petition of J. D. Stokes in the cause of J. D. Stokes v. I. P. Levy et al., is in our judgment well taken. Ordinarily the statements and admissions of a partner made in the partnership business are admissible against the firm and its members, but the statements in this petition were not made by Stokes in pursuance of the business of the firm, but after it ceased business, and for his own benefit, in antagonism to the interest of the firm and all its members and parties connected with it, except himself, and were of a character such as would most naturally strongly prejudice the jury against the appellants, and, if evidence, go far towards establishing the allegations of appellees as to the fraudulent acquisition of the goods in controversy. Indeed, it is hard to conceive of irrelevant testimony more prejudicial.

As it was alleged the goods were sold upon the false and fraudulent representations of Cohen & Co., made in contemplation of insolvency, that they had cash to pay for them and would pay therefor on delivery, it was material to ascertain (1) whether such representations were so made; (2) if made, whether they were false and fraudulent, and (3), if false and fraudulent, whether appellees relied upon and were induced thereby to part with their property. Unless there was a concurrence of all these, the appellees were not entitled to rescind the sale and recover the property, and the jury should have been so instructed.

Such other errors as are assigned will not probably arise on another trial, and it is useless to discuss them.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 25, 1896.