SACKLER *et al.* v. SLADE.[*]

(Division B. Oct. 31, 1927. Suggestion of Error Overruled Nov. 28, 1927.)

[114 So. 396. No. 26632.]

1. REPLEVIN. *Demand is necessary before replevying goods sold for buyer's default in payments.*

   Where goods are sold on deferred payment plan, with the stipulation that the vendor may repossess the goods without legal process, if default is made in the payments, demand is necessary before suit for replevin can be maintained.

2. APPEAL AND ERROR. *Trial. Fact issues are for jury; Jury's finding of fact, based on conflicting evidence, will be considered true on appeal.*

   Issues of fact are for the decision of the jury, and, where there is conflict in the evidence, the court will accept the jury's finding of fact as being true.

ON SUGGESTION OF ERROR.

3. SALES. *Conditional seller's acceptance of money in addition to purchase price for extra time to pay remainder due held waiver of right to possession of goods during such period.*

Where a contract of conditional sale reads, "And should I fail meet the payments as stipulated above, or any of them, or any part thereof, that act shall authorize the said Sackler Furniture Company, or assigns, to repossess said property without process of law, and the payments I may have made up to such time shall go as rental on said property for the time I may have had possession and use of the same," and default is made, and during such default, where the buyer agrees with the seller to pay ten dollars additional if the buyer will wait two weeks for the balance, and such provision is accepted, it constitutes a waiver of the right to possession during such period, there being sufficient consideration for such agreement.

---

.*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 857, n. 2; p. 858, n. 3; Replevin, 34Cyc, p. 1404, n. 67, 68, 73; p. 1405, n. 78; Sales, 35Cyc, p. 673, n. 59; p. 701, n. 36; Trial, 38Cyc, p. 1512, n. 25. Demand as prerequisite to replevin property conditionally sold, see 23 R. C. L. 888; 4 R. C. L. Supp. 1510; 5 R. C. L. Supp. 1249. Findings of fact on conflicting evidence not generally disturbed on appeal, see 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

Replevin by Sam Sackler, operating as the Sackler Furniture Company, and others, against L. Slade. From a judgment for defendant, plaintiffs appeal. Affirmed.

*Currie, Smith, Stevens & Currie,* for appellant.

This court has held repeatedly, in cases involving contracts similar to the ones here, that the seller is entitled to the immediate possession of the property in the event of default by the purchaser. This has been the well-settled law in Mississippi so long that we deem it unnecessary to consume the time of the court in citing or quoting authorities to substantiate this contention. The

contracts in evidence in the case at bar go to the extent of providing that the seller, in case of default, may take immediate possession of the property without legal process.

We can find no peg upon which the appellee can hope to hang this case unless it is upon the alleged "understanding" that the appellee seems to have had with himself that everything would be all right at the time he made the payment on February 6, 1926, of ten dollars. The defendant did not undertake to state that he had any definite understanding with the plaintiff and did not undertake to testify that the plaintiff agreed not to replevin the property.

At the time the defendant made the payment of ten dollars on February 6, 1926, he was in default for an amount considerably in excess of that sum, and he was still in default after making the payment of ten dollars. We can find no definite or satisfactory statement, even from the defendant, that the plaintiff, appellant, made any promise whatever to waive any of his rights, or to withhold any remedy that was open to him. But if the plaintiff had made such an agreement, it would not have been binding. It is undisputed that the defendant was in default and in arrears to an amount in excess of ten dollars on February 6, 1926. He then owed the plaintiff, appellant, more than ten dollars and more than ten dollars was in default. When he made the payment of ten dollars, he did no more than the law required him to do. If the plaintiff, appellant, had promised an extension, which the testimony wholly fails to show, it would have imposed no liability on the plaintiff, appellant, because there would have been absolutely nothing to support any such promise. At most such a promise, if it had been made, would have been a *"nudum pactum."* See Elliott on Contracts, section 208, pages 338-40; section 215, pages 366-67; section 236, page 409. See, also, *Jones* v. *Chamberlain,* 97 I. App. 328; *Ott* v. *Anderson,* 9 Kans. App. 320, 61 Pac. 330; *Miller* v. *Holbrook,* 1

148 Miss.—37.

Wend. (N. Y.) 317; *Gibson* v. *Renne,* 19 Wend. (N. Y.) 389; *Manchester* v. *Van Brunt,* City Ct. (N. Y.) 19 N. Y. S. 685; *Pabodie* v. *King,* 12 Johns (N. Y.) 426.

If the defendant, appellee, had proved a positive, emphatic and definite promise on the part of the plaintiff, it would not have been binding, but void and of no effect. But we further submit that the testimony falls far short of establishing any promise on the part of the plaintiff, appellant here. And the burden was upon the defendant to prove a definite and binding promise by a preponderance of the evidence. *Stewart* v. *Graham,* 46 So. 245.

Evidence in this case wholly fails to disclose any testimony that would warrant the assessment of damages against the plaintiff, even if the writ of replevin had been wrongfully sued out. The record does not disclose one word or line of testimony that shows, or even indicates any wilfulness, malice, fraud or oppression on the part of the plaintiff, appellant.

No matter what may be said in argument as to whether the writ of replevin was rightfully or wrongfully sued out, we submit that the entire record shows that the plaintiff acted with the utmost good faith, and without any semblance of wilfulness, malice, fraud or oppression. With this state of affairs, we submit that damages, and especially an attorney's fee, were erroneously awarded the defendant, appellee. We think there can be no doubt about the law in this regard in Mississippi. See *I. C. R. R. Co.* v. *Brookhaven, etc.,* 16 So. 252; *Thornton* v. *Gardner,* 99 So. 131; *M.* v. *G.,* 100 So. 23; *Cowden* v. *Lockridge,* 60 Miss. 385; *Taylor* v. *Morton,* 61 Miss. 24.

Judgment complained of should be reversed and judgment entered in favor of the appellant.

*W. J. Hatten* and *Currie & Currie,* for appellee,

The writ of replevin was wrongfully sued out by appellant. The contract signed by the appellee at the time of the purchase is interpreted by appellant to mean that Slade was to pay every two weeks a stipulated sum, but this contract strictly construed does not make any such stipulation. On this proposition it recites that the bill is to be paid "by installment of ten dollars cash and three dollars per two weeks, payment to be made on the ——— day of month/week until fully paid for."

It does not provide that the payments are to be made every two weeks consecutively in plain terms, and in view of the fact that appellants accepted payments indiscriminately indicates that the parties to the contract did not so construe it. He did not so construe the contract himself, or else appellant had habitually waived or granted forbearance to appellee in making the payments. If the contract be construed to mean that the installment payments were to be made every two weeks, then a forbearance on the part of the payee would make the suing out of the writ of replevin unlawful without first making demand for the possession. The record in the case shows that appellee left appellant with the understanding that his account was all right; that is, that he was in good standing with his payments. Appellant accepted the ten-dollar payment and it was thoroughly understood that another ten-dollar payment would be made the next pay day. Under such condition, appellant sued out the writ of replevin and took possession of the goods without even giving appellant notice of any kind, or making demand upon him for the possession; but, as before stated, took the goods by replevin while appellee and his family were away from home. On this point we cite 23 R. C. L., section 42.

The issue as to whether or not the writ was wrongfully sued out was determined by the jury from all the evidence heard, and the facts were resolved in favor of appellee, and we submit that a reading of the record will vindicate fully the verdict of the jury. The damages awarded are

not excessive; in fact, the evidence shows that appellee sustained actual damages in excess of that awarded. We submit that there is no reversible error.

Etheridge, J., delivered the opinion of the court.

The appellant, Sackler, operated a retail furniture store at Hattiesburg, Miss., and sold certain furniture on the installment plan, on two separate occasions, to the appellee, Slade. The payments were to be made twice a month, and appear to have amounted to seven dollars for two weeks, or fourteen dollars a month. The appellee failed to make payments punctually; and it was agreed in the contract between the appellant and the appellee that the title to this property should be reserved in favor of the seller until the full purchase price of the property had been made, and, in the event of default of payment of any part of the purchase price, that such default would entitle the seller to take immediate possession of the property without process of law.

The appellant contends that the appellee left Hattiesburg and went to Sumrall, taking the furniture with him —without appellant's consent—and that his agent located this furniture in Sumrall in a house which had the appearance of being abandoned. The appellee worked in the town of Sumrall at the time the furniture was taken, and was living in the house where the furniture was found; but, at the time the agent and the constable found and seized same, neither the appellee nor his wife was at home. The property was seized under a writ of replevin; the appellant having given bond as provided by law. There was no demand made upon the appellee for the furniture, but a copy of the writ of replevin was left on the mantelpiece in the house, and, upon the return of appellee that night, he found the furniture gone, and his effects scattered over the room.

Appellee defended the replevin suit, and testified that he secured the consent of the appellant to move the furniture from Hattiesburg to Sumrall; that a few days prior to the seizure of the furniture he had paid the appellant ten dollars on account; and that it was agreed between them that it would be all right for him to pay ten dollars more two weeks from that date, or on the next pay day of the appellee. Appellee filed a claim for damages in both the justice court and the circuit court, testifying to the amount and extent of his damages, which consisted of attorney's fees, lost time, and expense of conveyance to attend the several trials in the case. The jury found for the defendant, the appellee, and awarded him damages.

We think, the jury having found for the defendant, and having accepted his version of the transaction as being true, a demand was necessary before replevin would lie; and, not having made the demand, the replevin suit was wrongfully instituted. The instructions given the jury by the court were favorable to the appellant, and we find no reversible error in the judgment. The judgment therefore will be affirmed.

*Affirmed.*

## ON SUGGESTION OF ERROR.

It is contended on suggestion of error that the opinion heretofore rendered is in conflict with *Dearing* v. *Ford,* 13 Smedes & M. 269.

We failed, in the former opinion, to emphasize the clause in the contract in the present case which distinguishes it from the Dearing case. The contract is one for the conditional sale of furniture, and, among other things, contains the following:

''And should I fail to meet the payments as stipulated above, or any of them, or any part thereof, that act shall authorize the said Sackler Furniture Company, or assigns, to repossess said property without process of law, and the payments I may have made up to such time shall

go as rental on said property for the time I may have had possession and use of the same."

It will be seen from this clause of the contract that, if there was a failure to meet the payments when due, the appellant was authorized to repossess the property, and apply all payments made on it as rent for the use of it. The evidence for the appellee showed that, while he was in arrears with the installments, he applied to the appellant for additional time, and offered to pay ten dollars, which was accepted, on an agreement not to take any action until the next pay day of the appellee, which was two weeks from the date of said payment; that, after accepting the said ten dollars under such circumstances, and without giving any notice or making any demand of the appellee, or giving him any chance to adjust himself to the changed notion of the appellant, a writ of replevin was sued out, and the property seized in the absence of the appellee.

It is competent, of course, for a party to waive a right to possession, and if the appellant had taken the property, and applied the payments as they stood at that time as rent, without the agreement, he would have received ten dollars less than he did receive. In other words, in agreeing to accept ten dollars and defer action for two weeks, at least, the appellant gained ten dollars, which he would not have had, had he repossessed the property, and applied the payments as stipulated in the contract. Conceding that he had the right to take the property at the time the ten dollars was paid, and that he could do so without making a demand, we think his act in agreeing to and accepting the ten dollar payment, which he could apply as additional rent, deprived him of the right to act within the two weeks subsequent to the payment of the ten dollars; in other words, that he had no right to repossess during that period of time.

It is argued that the appellant was not bound by the agreement, because the appellee already owed him an amount in excess of the ten dollars paid. That would

be true, if the agreement was to give up the debt, or take less than due under the debt in payment thereof, without delivering to the appellee the evidence of the debt; but the consideration here is different.   Appellant's right, as it existed prior to the payment and the making of the agreement, was to repossess the property, and apply the money then received as rent.   The property, conditionally sold, being the property of the seller, the agreement to accept the ten dollars, and the payment of the ten dollars by the appellee, was a waiver of appellant's right to repossess, made upon sufficient consideration and reasons.

It follows that appellant had no right to possession at the time the writ was sued out, and consequently the suggestion of error is overruled.

*Overruled.*