Dᴇ Vᴀɴᴇ Cʜᴇᴠʀᴏʟᴇᴛ Co. *v*. Mᴏɴᴛɢᴏᴍᴇʀʏ Wᴀʀᴅ & Co.

(Division A.  April 3, 1933.)

[147 So. 335.  No. 29858.]

Frierson & Anderson, of Columbus, for appellant.

Loving & Loving, of Columbus, for appellee.

**McGowen, J.,** delivered the opinion of the court.

In this cause a pending suggestion of error is sustained, and the former opinion found reported in 139 So. 610 is withdrawn. The judgment of this court dismissing the cause without prejudice because it was a replevin suit prematurely brought is set aside, and a new opinion is filed here.

Appellee, Montgomery Ward & Co., instituted a suit in replevin against appellant, De Vane Chevrolet Company, for possession of certain tires which were sold to C. T. Branyon for use on his automobile truck. It retained title thereto by written contract on conditional sales contract for unpaid balance, to be paid in monthly installments.

The appellant had sold to C. T. Branyon the truck on conditional sales contract; retaining title until the balance of unpaid monthly installments were paid.

Montgomery Ward & Co. sold these tires to C. T. Branyon on May 16, 1931, and sued out the replevin writ herein on June 1, 1931, at which time no monthly payment had become due, the first of which was to be paid on June 15th thereafter. A cash payment was made by the purchaser on execution of the contract, the applicable part of which is as follows:

"I agree to pay for the above merchandise as follows: Nineteen dollars and twenty cents on the signing of this

contract, and nineteen dollars and twenty cents on the same day of each succeeding month until the purchase price is paid in full. Title to and right of possession of the goods shall remain in you until they are fully paid for. I will not sell, mortgage, or otherwise deprive you of that right of possession without your written consent.

"I further agree to protect you against all loss or damage while the goods are in my hands.

"*If default be made in the terms of this contract or the payments hereunder, I authorize you to remove the tires from my car (or truck) wherever it may be found,* whether in use or not, and I expressly waive any claim for damages by reason of such repossession. I further agree to notify you of any change of address, and will hold you harmless from any claims, liens or mortgage on my car (or truck) contrary to your right of repossession."

Between May 25th and June 1st, the Chevrolet Company had repossessed the car with the tires in controversy thereon, or attached to the wheels thereof.

Montgomery Ward & Co. had actual knowledge of the claim of title to the truck being in the Chevrolet Company at the time it sold the tires.

When the evidence developed these facts, the appellant moved to dismiss the suit because, no default being shown, the replevin suit was filed prematurely, no breach of the contract being otherwise shown by the appellee.

At the conclusion of all the evidence, the appellant moved for a directed verdict for this and another reason. These motions were denied by the court, and the case being submitted to the jury, a verdict and judgment in favor of Montgomery Ward & Co. was entered.

In the former opinion we held that there had been no breach of the contract, on the view thereof that there had been no default in payments as provided therein. The case of Quarles v. Hucherson, 139 Miss. 356, 104 So. 148, 149, was not mentioned in the brief of appellee, and we

did not question appellee's contention that there had been a breach of the contract by Branyon other than a default in the payments. Notwithstanding, Montgomery Ward & Co. and Branyon knew that title to the automobile on which the tires in controversy were placed had been vested in De Vane Chevrolet Company. Branyon in his contract with Montgomery Ward & Co. had therein agreed, in substance, to retain the possession of the tires, free from the claim of any other person, by these words in the contract: "I will not sell, mortgage, or otherwise deprive you of that right of possession without your written consent. . . . and will hold you harmless from any claims, liens or mortgage on my car (or truck) contrary to your right of repossession."

When Branyon permitted the De Vane Chevrolet Company to repossess the truck with the tires in controversy thereon, he thereby did all he could to deprive the appellee of its right to the immediate possession. He either sold the truck back to the Chevrolet Company or otherwise disposed of the property in controversy to the detriment of the appellee. Upon the repossession of the truck with the tires attached, under the contract it was the duty of Branyon to either pay or otherwise discharge the claim of appellee, and by failure so to do he breached the contract.

In the case of Quarles v. Hucherson, supra, this court held that the provision of a deed of trust that the mortgagor shall not sell or otherwise dispose of the property therein conveyed is broken by the mortgagor's permitting a sale of the property under an execution issued on a judgment against him. This is controlling here for the reason that either voluntarily or involuntarily Branyon permitted the tires and the truck to pass into the hands of a third party without the written consent of the appellee. Under the above-cited case this constituted such a breach of the contract as warranted the appellee

to maintain at once the replevin suit. The language in the Quarles case was otherwise "sell or otherwise dispose of." The language in this contract is "sell, mortgage or otherwise deprive you of the right of possession." By surrendering the truck he deprived, so far as he was able, the appellee of the right of possession.

Appellant, De Vane Chevrolet Company, urged in its original brief that because Montgomery Ward & Co. knew and was fully advised of the automobile sales contract which Branyon had theretofore executed to it, replevin could not be maintained. This is wholly untenable because the contract agreed to save Montgomery Ward & Co. harmless as to the Chevrolet contract or any other, and when Branyon permitted the repossession by another he thereby breached the contract.

It is insisted further that no demand was made by the Chevrolet Company before the institution of the replevin suit, therefore the suit could not be maintained under the authority of Sackler v. Slade, 148 Miss. 575, 114 So. 396. In the case at bar the defendant in replevin gave bond for the property, appeared, and defended on the merits. In this state, under the authority of Dearing v. Ford, 13 Smedes & M. 269; Newell v. Newell, 34 Miss. 385, and George v. Hewlett, 70 Miss. 1, 12 So. 855, 35 Am. St. Rep. 626, the rule is that where one is lawfully in possession of personal property, having a charge upon it or the like, a demand by the owner is necessary to perfect his right to maintain replevin; but, when sued, if the defendant stands his ground, and contests the right of property in the plaintiff, he cannot afterward change his position and rely upon the want of demand, or other merely preliminary step, as a defense.

In the case at bar the Chevrolet Company undertook to maintain its right to retain possession of the property by virtue of its retention title of the automobile to which the tires were attached. The case of Sackler v. Slade, ·

supra, is not in point here for the reason that it was held in that case that the plaintiff could not repudiate a change of contract without notifying the defendant, by making demand, of his repudiation of his verbal contract; likewise it is not in conflict with the conclusion reached in the case at bar.

There is another contention that the tires in controversy are not separable from the automobile when attached thereto. This is wholly untenable. The contract made them separable and any man who drives a car will learn from practical experience that a casing is a separate instrumentality.

The judgment of the court below will therefore be affirmed.

Suggestion of error sustained. Affirmed.