J. H. PARKER, use of ALEXANDER L. BYERS *et. al.*, Plaintiff in Error, *v.* WILLIAM BROOKS, Defendant in Error.

### ERROR TO CLAY.

A copy of an instrument is only required to be filed, where it is specially declared on, and is made the foundation of the action.

Where an instrument is only introduced in evidence, in support of another sort of claim, and is not specially counted upon, the statute does not require a copy to be filed with the declaration.

A receipt acknowledging the payment of money on account of hogs, to be there-after delivered, may be offered in evidence, under a count for money had and received; although a copy is not filed with the declaration.

THIS cause was heard before HARLAN, Judge, and a jury, at September term, 1853, of the Clay Circuit Court.

A. KITCHELL, for Plaintiff in Error.

C. CONSTABLE, for Defendant in Error.

CATON, J.    The declaration in this case contains three counts. The two first are special, upon a contract for the sale of hogs, and the third is a common count for money advanced, and for money had and received.    On the trial the plaintiff offered in evidence, under the first and second counts, the following:

"DECEMBER 10, 1852.

Received of James Parker, ten dollars on my lot of pork hogs, 30 or 40 head; to be delivered at Alexander Maxwell's, between the 20th and 28th of this month, and weighed gross, and one-fifth to be deducted off the gross weight, at $4.62½ per cwt. all round.

W. BROOKS."

This differed from the special agreement declared upon, and was for that reason properly ruled out under the two first counts. The plaintiff then offered it under the common count, when it was again objected to and ruled out by the circuit court.    In this we think the court erred.    It could have been offered with no other view under the common count than to recover back the money which had been paid upon the agreement; and for that purpose it was competent evidence, to be followed up with other proof, showing an abandonment of the agreement by the defendant, without the fault of the plaintiff.    That count was for money had and received, and this paper contained evidence direct of the receipt of the money, and was the first step to be proved, to establish a case of action under that count.    It was not one of those cases for the counsel to explain the purpose for which it was offered, and show that explanation in the bill of exceptions.    It could have but one legitimate bearing, and that was manifest and palpable.    It cannot be presumed that it was offered with the view of recovering upon it directly, for the non-delivery of the hogs, for the third count was not upon the contract at all.    Nor is the objection tenable, which was urged at the bar, that it was not admissible in evidence, for the reason that no copy of the instrument was filed with the declaration. Admitting that an objection of this kind can first be made at the trial, and still the objection would not be good here, for the

reason that the statute, which requires that the party who sues upon an instrument in writing, should file a copy of the instrument with the declaration, is not applicable, for the reason that the third count was not upon the instrument at all. A copy is only required to be filed where the instrument is specially declared on, and is made the foundation of the action. Where the instrument is only introduced in evidence, in support of another sort of claim, and is not specially counted upon, the statute does not require a copy to be filed.

The judgment of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*