ELIZABETH ODOM *v*. EMELINE HARRIS.

PLEADING: NOT NECESSARY TO PLEAD INCAPACITY IN ORDER TO AVOID A DEED IN AN ACTION OF REPLEVIN.—The defendant, in an action of replevin, may, under the plea of not guilty, impeach the validity of a deed purporting to be executed by him and offered in evidence by the plaintiff, by showing his incapacity to execute it; in such a case it is unnecessary to plead the incapacity to contract, as the title to the property and not the evidence to support it, is put in issue by the pleadings.

IN error from the Circuit Court of Clarke county.    Hon. Wm. M. Hancock, judge.

*George L. Potter*, for plaintiff in error.

*T. J. Wharton* and *R. Steele*, for defendant in error.

FISHER, J., delivered the opinion of the court.

Odom *v.* Harris.

This was an action of replevin, brought by the plaintiff below, in the Circuit Court of Clarke county, to recover a slave, in the possession of the defendant.

The plaintiff claims title under a deed executed by the defendant, on the 8th of March, 1851, and the defendant, on the trial, offered to prove, for the purpose of showing the invalidity of the deed, that she was not possessed of sufficient capacity, at the time of its execution, to contract; which proof the court ruled out, on the ground that the defendant's inability, arising from her want of sufficient mind, was not pleaded. This ruling was clearly erroneous. The plaintiff did not, by her declaration, set forth the deed, or claim title under it; and, consequently, it could not be required that the defendant should attempt to avoid, by pleading, what the plaintiff by her pleading, had not put in issue. The pleadings put in issue the title to the slave, and not the evidence to support such title. The plaintiff offered the defendant's deed to prove title, and the defendant undertook to rebut this evidence by showing facts which rendered the deed inoperative. The question not arising upon the pleadings, the case falls under a familiar rule, that evidence offered by one party, may at any stage of the trial be rebutted by opposing evidence. The question here was, whether this deed was operative; and, to show that it was not, was the object of the defendant's evidence. The defendant could not plead her incapacity to execute the deed, for the reason that she could not know from the plaintiff's pleading that she would claim title under the deed, or introduce it in evidence.

The consideration expressed in the deed, the defendant's ignorance, as shown by the deed itself, and her extreme old age, were all circumstances casting suspicion over the transaction; and it can hardly be presumed that if the evidence which was rejected had been admitted, that the scale would not have been turned in favor of the defendant. The error was one, therefore, manifestly to the defendant's prejudice.

Judgment reversed, and a new trial granted.