## H. E. Mueller & Co. v. H. C. Kinkead.

1. NON-JOINDER—*how, should be pleaded.* Where it is not patent upon the record, as by the declaration of the plaintiff, that there is a non-joinder of a party defendant as partner, it should be pleaded in abatement, and the question cannot be raised for the first time upon appeal.

2. DECLARATION—*when copy of instrument need not be filed with.* It is only essential that the plaintiff shall file with his declaration a copy of the instrument upon which the action is predicated; a document purely evidentiary is not such an instrument.

3. JUDGMENT—*how, may be entered against party doing business under partnership name.* In such a case a judgment is not erroneous which is rendered against a defendant in the partnership name under which he transacts his business.

4. REMARKS OF COUNSEL—*when, will not be reviewed.* An assignment of error based upon alleged prejudicial remarks made by counsel in his argument to the jury, will not be considered where the language complained of is not preserved in the bill of exceptions.

Action of assumpsit. Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

JOHN G. FRIEDMEYER, for appellant.

JAMES E. DOWLING and ROBERT H. PATTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit, by appellee against appellant, to recover commissions due the former on sales of liquor and for services in making collections. The declaration consists of the consolidated common counts, to which appellant filed the general issue. The declaration and writ of summons designate H. E. Mueller & Co. as defendants, without indicating the individual names of any persons as constituting the partnership, and service of summons was on H. E. Mueller only. The trial by a jury resulted in a judgment against appellant for $127.85 and costs of suit.

Where it is not patent upon the record, as by plaintiff's declaration, that there is a non-joinder of a party defendant as partner, it should be pleaded in abatement. The question cannot be raised for the first time in this court on appeal. Sandusky v. Sidwell, 173 Ill. 493.

It is urged that there was error in permitting plaintiff to introduce in evidence a contract entered into between himself and H. E. Mueller & Co., fixing the basis of the commission to be allowed plaintiff for sales made by him, and in denying appellant's motion for a continuance, on the ground that a copy of such contract was not filed with the declaration. The action is not brought on the contract, the contention of appellee in the court below being that the contract had been expressly abrogated and that the services were rendered under a subsequent parol agreement. The Practice Act only requires a plaintiff to file with his declaration a copy of the instrument on which the action is brought, and does not contemplate the necessity of filing a copy of every paper that may properly be offered in evidence on the trial. Parker v. Brooks, 16 Ill. 64. Presumptively on this record, H. E. Mueller was doing business under the name of H. E. Mueller & Co., and there was no error in rendering judgment against him, by the name he adopted for business purposes.

The evidence in the case bearing upon appellee's right to recover, is close and conflicting, and the verdict of the jury is therefore decisive.

Complaint is made that counsel for appellee, in his argument to the jury, indulged in language prejudicial to appellant. We are precluded from considering this assignment of error, by the fact that the language complained of is not preserved in the bill of exceptions.

No substantial error in the record having been brought to our attention, the judgment is affirmed.

*Affirmed.*