## Young *v*. Terry.

[92 South. 76. No. 22669.]

1. REPLEVIN. *Declaration stating facts showing title ., ·d right to possession in defendant is subject to demurrer.*

   Where a declaration in replevin attempts to state the facts under which the plaintiff is the owner and entitled to the possession of the property, and the facts so stated affirmatively show that the title and right of possession are both in the defendant, a demurrer was properly sustained to this declaration.

2. REPLEVIN. *Declaration stating that plaintiff is owner and entitled to possession, without alleging why, held not subject to demurrer.*

   Where an amended declaration in a replevin suit is thereupon filed, which declaration omits to state in detail why the plaintiff is the owner, and why entitled to the possession of the property, but merely states the facts that she is the owner and entitled to the immediate possession of the property, and that the defendant wrongfully retains possession of it, this states a good cause of action, and a demurrer thereto should be overruled.

3. REPLEVIN. *On demurrer to amended declaration, the court cannot consider the original declaration, where it is not an exhibit.*

   Where a defendant demurs to an amended declaration, which amended declaration does not make the original declaration an exhibit thereto, the court, in passing upon the sufficiency of this declaration, cannot look to nor consider the averments contained in the original declaration, but is confined to those of the amended declaration.

APPEAL from circuit court, Leflore county.

HON. S. F. DAVIS, Judge.

Replevin suit by Mrs. I. N. Young against Robert Terry. Demurrer to declaration sustained, and plaintiff suggests error. Reversed and remanded.

*J. C. Wasson* and *Monroe & McClurg,* for appellant.

This case started off wrong by the improper incorporation into a simple declaration in replevin the averment of

matters by way of recital attempting not so much to show the title of the plaintiff as in explanation of how the property got into the hands of the defendant. That surplusage, led to the demurrer to the original declaration. The third ground assigned attacking the irrelevant matter dominated all others, and that in turn, let the case improperly into the "sign statute" always a question of fact. Upon that false issue the court sustained the demurrer. The demurrer was as improperly interposed as the recitals in the declaration were redundant or worse. The law of the case was not and in the nature of the case could not possibly be settled by demurrer. Defendant's remedy in such state of case was to move to strike the surplusage, or better for him, to have joined issue and to go to trial.

But the court after sustaining the demurrer allowed the plaintiff to amend generally, and she did so by omitting the surplus and needless recitals, and the defendant demurred to the amended declaration when he should have objected to the filing, that being overruled, to except to the decision of the court in allowing it filed. Hemingway's Code, section 558, superseding the common-law rule of demurrer.

The demurrer to the amended declaration aside from being the wrong procedure hangs on to the useless and improper recitals as in the first declaration, and counsel insists upon the right to do that. Those improper recitals had, by leave of court unobjected to and not excepted to by defendant, been eliminated from the declaration, hence that demurrer, erroneously sustained by the court, could reach nothing beyond the allegations of the amended declaration. The matters set out in mere recitals, were of course not eliminated from the case, but remained to be proven, not as facts before the court and jury.

Counsel argue that no new matter is stated in the amended declaration. The obvious answer is that the demurrers being improper that rule is inapplicable. Nevertheless, by leave of court without objection or exception by appellee, the same cause was presented in amended

form of action so as to be in effect new matter, if that was necessary. The amended declaration was at most nothing but a reformation of the original. Allegations of evidentiary facts in the pleadings should be disregarded as surplusage. *New York Ins. Co.* v. *Brame,* 112 Miss. 62.

The plaintiff may amend in a personal action even after plea by substituting for his declaration in *assumpsit* to a petition *in rem* to enforce a mechanic's lien. *Weathersly* v. *Sinclair,* 43 Miss. 189.

The form of the action being the same the plaintiff was given permission to reform his pleadings so as to change the form of action from covenant to *assumpsit,* and this on the suggestion of the supreme court on reversing the case. *Dyer* v. *Britton,* 53 Miss. 270.

In *Helton* v. *McLeod,* 87 Miss. 561, an attachment suit, the plaintiff was allowed to amend by fully alleging the grounds of attachment by showing in the disjunctive the distinct grounds which were alleged only in part in the original affidavit. And in *Yazoo & R. Co.* v. *Rivers,* 93 Miss. 557, an amended declaration that stated no new cause of action, although after a year was good.

The anomaly is thus presented here in which irrelevant matters, matters of proof in any event became the law of the case was not settled, and could not be so settled, have decided the case on demurrer to those extraneous matters not in the declaration at all, as the last demurrer emphatically shows.

*Chambers & Trenholm,* for appellee.

To the amended declaration defendant demurred upon the ground that no new facts had been brought in by the amendment, the objectionable part of the original declaration having simply been omitted, which commission did not operate to eliminate them.

The second demurrer having been sustained, plaintiff, filed a motion to vacate both orders sustaining said demurrers, and grant a trial after plea, which motion after response by defendant, was overruled and plaintiff appealed.

Appellant complains because what was stated in the declaration merely by way of explanation was made the basis for sustaining the demurrer. She urges that the first and second grounds of the first demurrer were inapplicable, and that the decision was upon the third ground. We respectfully submit that whatever matters of facts are stated in a declaration not only may, but should, be used in the consideration of a demurrer thereto. When those facts set up a complete defense to the declaration, why compel the defendant to prove them? ·

Appellant further complains that the demurrer states that the property in question was acquired and used in the business of Forbas & Co., when in fact it was only used, neither Young nor the firm having acquired the title, that adverse possession must be for three years in the case of personal property to defeat the owner, which time had not elapsed. We call attention ·to the fact that in the statute, hereinafter set forth, the words "used" and "acquired" are used in the disjunctive, not the conjunctive; and that the statute itself made the property in question the property of the firm as against Mrs. Young, as to creditors, so that it is not a question as to who held the legal title or what the statute of limitations is. The trustee in bankruptcy was a representative of all the creditors.

The next proposition is the amended declaration. Appellant cured such defects in this amended declaration as were aimed at by the first and second grounds of demurrer to the original declaration. However, she introduced no new facts, nothing substantial not included in the original declaration and affidavit. And she urges that the said first and second grounds of demurrer to the original declaration were not well taken, anyhow, so that she admits that all that was accomplished by the amendment was to leave out those facts which were used against her.

While the general rule is that an amended declaration supersedes the original, we submit that such rule was never intended to apply in a case like the one at bar, and that the

permission to amend carried only the right to set up some other facts, such as a recorded title, which would overcome the defense stated in the original declaration.

Now, as to whether or not the demurrers should have been sustained on the facts stated in the original declaration. We submit that those facts make a perfect case under the sign statute. Mrs. Young is claiming to be the owner, and not a lienor. She comes into court claiming to be the owner of the property, and upon that claim she must stand or fall. *Payne Hdwe. Co.* v. *Harvester Co.,* 110 Miss. 783, 70 So. 892.

The situation here is exactly the same as if Terry had bought this property at a sheriff's sale under execution against Forbas & Co., which had been levied thereon. We deem it needless to cite the many cases in this state supporting our contention. A few of them are: *Gillespy* v. *Harvester Co.,* 109 Miss. 136; *Payne Hdwe Co.* v. *Harvester Co., supra; Paine* v. *Hall Safe & Lock Co.,* 64 Miss. 175, 1 So. 56; *Bank* v. *Schaff,* 108 Miss. 121, 56 So. 402.

We respectfully submit, therefore, that the decision of the lower court should be affirmed.

SYKES, P. J., delivered the opinion of the court.

This is a replevin suit, instituted by the appellant as plaintiff in the circuit court. The original declaration alleged that the plaintiff was the owner of certain showcases and other personal property, which she sold to G. T. Young for the sum of five hundred dollars, retaining the title to this property as evidenced by a note; that the purchase price has not been paid; that during the year 1920, G. T. Young entered into and became a member of the mercantile company of Forbas & Co., doing a mercantile business in the town of Itta Bena, and that Forbas & Co. used this property in conducting and as a part of its business; that during the year 1921 this mercantile company was adjudicated a brankrupt; that the plaintiff was not listed as one of its creditors; that the trustee in bankruptcy took

possession of this property and sold it to the defendant, Robert Terry. The declaration further alleges that the defendant wrongfully retains possession of the property. To this declaration there was interposed and sustained a demurrer, the principal ground of which was that the averments in the declaration showed that the defendant, Terry, was the owner of, and rightfully in possession of, the property.

This demurrer was properly sustained. Section 4784, Code of 1906 (section 3128, Hemingway's Code), provides that: "If a person shall transact business as a trader or otherwise, with the addition of the words . . . '& Co.,' . . . and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, . . . all the property, stock, money, . . . used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

Under this section, as construed by this court, as to creditors, this property should be treated as the property of this mercantile concern. *Payne Hdw. Co.* v. *Harvester Co.,* 110 Miss. 783, 70 So. 892; *Bank* v. *Schaaf,* 108 Miss. 121, 66 So. 402; *Paine* v. *Hall Safe & Lock Co.,* 64 Miss. 175, 1 So. 56; *Gillaspy* v. *Harvester Co.,* 109 Miss. 136, 67 So. 904.

Leave was granted the plaintiff to amend the declaration. Instead of amending the original declaration, however, she filed an amended declaration. In this amended declaration she merely alleges that she is the owner of this property, and that the defendant took it and refuses to deliver it to her. She alleges that she is entitled to immediate possession of it, and that the defendant unjustly retains possession of it. To this amended declaration a second demurrer was interposed, in which it is alleged that the amended declaration contains no matters not alleged in the original declaration, but simply omits certain allegations contained in the original declaration; that the mat-

ters alleged in the original declaration are a part of the record in the cause and are binding upon the plaintiff in her amended declaration. This demurrer was sustained.

It will be noted that this amended declaration contains the material averments of a declaration in replevin. It omits the statements in detail of why plaintiff is the owner of the property and why she is entitled to the immediate possession of it. This is a perfectly good declaration. It does not make the original declaration a part of it, neither is it an amendment to the original declaration, but an amended declaration in every respect complete within itself. In considering a demurrer to it the court cannot consider anything else, except the averments contained in this amended declaration and the demurrer thereto. It may be true, as contended by the appellee, that the plaintiff is merely making a paper case, which she cannot sustain. This, however, cannot be considered by the court, when considering the sufficiency of this amended declaration, when challenged by demurrer. It may be that the plaintiff will be able to prove facts different from those set out in the original declaration. As to that, however, we are not called upon to pass, but simply to say that all this court can consider upon this demurrer is whether or not the amended declaration alone states a cause of action. And this it does.

The judgment of the lower court in sustaining the demurrer to the amended declaration is reversed, the demurer overruled, and the cause remanded, with leave to the defendant to plead to the declaration within sixty days after the mandate of this court has reached the circuit clerk.

*Reversed and remanded.*