QUARLES *v.* HUCHERSON.*

(Division A.   May 18, 1925.)

[104 So. 148.   No. 24849.]

1. REPLEVIN. *Replevin is action ex delicto and not ex contractu.*
   Replevin is an action *ex delicto* and not *ex contractu.*

2. PLEADING. *Only writings which cannot be made basis of claim, unless alleged and counted on need be annexed or filed.*
   Sections 734 and 735, Code of 1906 (sections 517 and 518, Hemingway's Code), which require writings which are the foundation of an action or of which profert is, or ought to be, made, to be annexed to or filed with the declaration, apply only to writings of such character as cannot be availed of as the basis of the plaintiff's claim unless they are alleged and counted on in the declaration.

3. PLEADING. *Allegations in declaration setting forth written instrument on which ownership is based are surplusage and may be disregarded.*
   A declaration in replevin, which alleges ownership in the plaintiff of the property sought to be recovered is sufficient, and allegations therein which set forth a written instrument on which the ownership is based are surplusage, and may be disregarded.

4. CHATTEL MORTGAGES. *Appointment of substituted trustee complete without recording.*

   Unless required by the deed of trust or a statute, the appointment of a substituted trustee in a deed of trust is complete without the recording of the instrument by which the appointment was made in the office of the chancery clerk.

5. CHATTEL MORTGAGES. *Provision against sale or other disposition of property broken by permitting sale under execution.*

   The provision of a deed of trust that the mortgagor shall not sell or otherwise dispose of the property therein conveyed is broken by the mortgagor's permitting a sale of the property under an execution issued on a judgment against him.

---

*Headnotes 1. Replevin, 34 Cyc., p. 1354; 2. Pleading, 31 Cyc., pp. 548, 549; 3. Pleading, 31 Cyc., pp. 68, 556, 557, 564; Replevin, 34 Cyc., p. 1466; 4. Chattel Mortgages, 11 C. J., Section 188; 5. Chattel Mortgages, 11 C. J., Section 251.

APPEAL from circuit court of Kemper county.

HON. J. I. STURDIVANT, Judge.

Action by H. G. Hucherson, subtrustee, against R. M. Quarles. From judgment for plaintiff, defendant appeals. Affirmed.

*L. P. Spinks,* for appellant.

I.

Under sections 517 and 518 of Hemingway's Code, the original deed of trust and the note secured by same, ought not to have been admitted in evidence. We think this is plain and that a mere reading of the statutes is conclusive on this point. The only escape as I see it, for the appellee, from these statutes, is for the court to hold: First: The action is not founded on a written instrument, and second: No profert was made or ought to have been made in the declaration of the deed of trust or note, or both.

But this action is founded on a written instrument. The right of the appellee to maintain the action rests wholly upon the execution and the existence of the deed of trust and note. Without this deed of trust and note,

the appellant had no right to this piano, either against the original owner of the piano, K. G. Woods, or against the appellant. Under the law in Mississippi, the only plea admissible in action of replevin, is plea of general issue. *Nunn* v. *Potter,* 71 So. 315, 111 Miss. 180.

The refusal of the owner to deliver the property on demand by trustee, would have forced the trustee to establish both the existence and nonpayment of the debt and also the existence unsatisfied of the deed of trust. The appellant, in this action had the same right to know that a deed of trust had actually been given and still existed unsatisfied, that the original owner had.

The mere fact that this is a possessory action, does not mean necessarily that the suit is not founded on a written instrument. In examining the old codes, I find that the present statute, 517 Hemingway's, was not incorporated into the statutory laws, until the Code of 1892. The Code of 1871, section 581, definitely states that the objects of that statute were to cover actions on promissory notes. Therefore, when the legislature later wrote this law, as it is written in the Code of 1892, it broadened the application of the requirements, so as to cover any action founded on a written instrument, whether that action sounded *in assumpsit* or not. So far as I have been able to find, we have no Mississippi case directly in point. The case of *Odom* v. *Harris,* 34 Miss. 410, was a replevin suit, but the facts as related in that case are not the same as the facts here.

Nearly all the cases where this statute has been involved have been actions sounding *in assumpsit. Eastman-Gardiner Hardwood Company* v. *Hall,* 102 So. 272, is not in point as I understand it and does not help us in the consideration of this case. In that case, the action was, as said by the court, in tort for breach of contract. As I see it, there is no element of tort in this suit, but the suit is rather a suit for possession of the piano, founded on the deed of trust.

Further the right of the appellee, is a limited right only, and his demand would be satisfied by payment of

the amount due on the note.  Also when the chattel con-
veyed in the deed of trust was sold, the appellee, or his
beneficiary would have the right to money demand for
any balance unpaid of note, after applying the proceeds
of the sale on the debt.  This it seems to us, is absolutely
conclusive on this proposition.

Any action to recover the debt or to enforce the lien
on the piano for the payment of the debt, must rest on
the note and the deed of trust.  Therefore, we say that
under section 517, Hemingway's Code, a copy of the deed
of trust and note should have been annexed to or filed
with the declaration.  If we are right in this, then the
case should be reversed, and judgment entered here for
appellant.

## II.

Coming now to discuss the second avenue of escape
which involves the construction of section 518, Heming-
way's Code, we say that the pleader in his declaration
for all intents and purposes made profert of the deed of
trust, when he referred to the record of same and asked
that it be considered as though it was a part thereof.
The statute on this is mandatory.  It says, "A copy of
any writing of which profert is made  .  .  .  shall be
annexed to or filed with the pleadings  :  .  ."

The deed of trust would be produced and it should
have been annexed to or filed with the declaration.  Not
having done so, the appellee should not have been al-
lowed to have introduced the deed of trust, in evidence.
The court on objection of the appellant, ruled out any
evidence of the existence of the note and deed of trust,
on the ground that the note and deed of trust were the
best evidence.  Therefore, the appellee had to get in
evidence the note and deed of trust.

## III.

For the plaintiff to prevail in an action of replevin, he
must rest on his own rights as established by his evi
dence and must further prove that he has the right to

immediate possession of the chattel sued for. *Scarborroughs* v. *Lucas,* 80 So. 521. In *Chambers* v. *Emery,* · reported in vol. 22, page 332, of American & Eng. Ann. Cas., and in the notes following the report of this case, the question is ably and thoroughly discussed and the conclusion to be drawn from those cases is that the right of the plaintiff must exist as of the date of the affidavit in replevin.

## IV.

Section 2289 of Hemingway's Code, requires that where writings covering personal property are recorded, they shall be recorded in the chancery clerk's office. Section 2277 requires substitution of trustee, to be spread on the records. This section seems to refer primarily to lands but we would like to have the court construe this section as to whether it refers to chattel instruments. If it does refer to chattel instruments, then the suit was prematurely brought and should have been dismissed or judgment entered for appellant.

*Baskin & Wilbourn,* for appellee.

## I.

Appellant contends that under and by virtue of section 517 and section 518 of Hemingway's Code, sections 734 and 735 of Code 1906, it was necessary for the plaintiff to have exhibited with his declaration a copy of the note and deed of trust securing the note and that since this was not done, that the lower court erred in admitting in evidence the note and deed of trust, over the objection of the appellant.

This point is not well taken. It is not contended that this is a suit on open account, of course, calling for any bill of particulars of the demand. But counsel seems to think that the action is one founded on a writing, and that therefore it was absolutely necessary for the plaintiff to have exhibited the writing or a copy of it with his

declaration under the aforesaid sections. In this, we respectfully submit that the appellant is in error. The suit is not founded upon the note and deed of trust. They are but evidence of the right of the appellee to the immediate possession of the property. The appellee was not required to state in detail why he was the owner and why he was entitled to the immediate possession of the property, and a declaration without any reference whatsoever to either the note or deed of trust would have been perfectly good. See the case of *Young* v. *Terry,* 129 Miss. 281, 92 So. 76, in which case the court held a declaration in replevin to be perfectly good which omitted a statement in detail why the plaintiff was the owner of the property and why the plaintiff was entitled to the immediate possession of it.

At all events the defendant is not a party to the contract evidenced by the note and deed of trust, and has no right to complain that the pleader did not exhibit with his declaration the instruments that would have explained why the plaintiff was entitled to the possession of the property. No pleader is required to plead his evidence. See *Eastman-Gardner Hardwood Co.* v. *Hall,* 102 So. 270. *Odom* v. *Harris,* 34 Miss. 410, supports the contention we make on behalf of the appellee. It was held therein that the pleadings put in issue the title to the slave and not the evidence to support such title. So in the case at bar, and in every case of replevin, the issue that is presented is an issue as to the ownership and the right to immediate possession, not an issue as to the character or sufficiency of the evidence to support the contention of the plaintiff in replevin.

## II.

It is also contended that the appellee was not entitled to recover, because the instrument appointing him substituted trustee was not filed for record until after suit had been begun. Counsel frankly conceded that he did not find any authority directly in point. There is no statute or decision to that effect, and nothing presents

itself to our minds as requiring that the appellee as a condition to his right to sue, should have recorded the instrument appointing substituted trustee. Section 2773, Code 1906, referred to by counsel, on its face, refers solely and alone to deeds of trust on lands.

## III.

It is contended that appellee was not entitled to maintain his suit because at the time that the affidavit was sued out, the appellant claims that the note and deed of trust under which the substituted trustee was acting had not matured and was not due. The deed of trust and note were both due at the time of the trial of the case in November. The validity of the deed of trust is not questioned. The amount due on it is undisputed. The bald technical point is raised that at the moment of the institution of the suit by the substituted trustee, the note had not matured, and, therefore, there was no right of action in the substituted trustee.

The deed of trust contains the stipulation, which we have quoted in our brief, *supra,* to the effect that the trustee would be vested with absolute title to the property and right to sell the same, and apply the proceeds of sale to the note, the same as if default had been made in payment thereof, if the maker of the instrument should, before maturity, sell or otherwise dispose of some of the said property without the consent of the said bank of Kemper. Surely the makers of the deed of trust containing such a provision could not be heard to dispute the right of the bank of Kemper to proceed to subject the property to the satisfaction of the debt, if they suffered same to be taken from their possession under the writ of execution, and by virtue of a sale thereunder, based on a judgment obtained against them, and proceedings had thereon subsequent to the recording of the deed of trust.

We submit he may not be heard in this court to complain of the action of the trustee in bringing suit to recover the property which he had acquired by what was,

in the last analysis, a sale or disposition of the property by the maker of deed of trust, solely on the ground and contention that the sale was one that was involuntary rather than voluntary.

*J. H. Daws,* also for appellee.

It is our contention that it was not essential to the suit in replevin to attach as exhibits the note and deed of trust offered in evidence, because the suit is based on the right of the trustee to take charge of the property described in the trust deed when the conditions thereof were broken, and when conditions were broken the trustee's right of possession then accrued and on refusal of the appellant to surrender the property, the right to recover by replevin was vested in the trustee and on this point all authorities are agreed.    This suit is based on facts that sound in tort, and in cases of that kind no reason exists for the filing of the evidence as exhibits to the declaration is required.    Actions in form *ex delicto* are actions brought for the redress of wrongs, and not based upon contracts, express or implied, are actions that sound in tort, and they are classed by all authorities on pleading as trespass, trover, case, detinue, and replevin and exhibits of the testimony in such cases are not required by statute or otherwise.

The rule therefore, as laid down by all authorities is as follows:    "It is not necessary in pleading to state that which is merely evidence."    *Waitress* v. *Pierce,* 36 N. H. 232; *Smith* v. *Wiggins,* 51 N. H. 156; *Hartman* v. *Keystone Ins. Co.,* 21 Pa. St. 406, 31 Cyc. 548.

When the property was seized under an execution writ, advertised, and sold (which we maintain was after the note fell due) then the action to recover could have been properly brought in the name of the trustee which was done, because the conditions and terms of the deed of trust had been breached by the mortgagor; and this is so held by the authorities:    "A seizure under writ of execution of property on which deed of trust had been

given to secure a note is a breach of a chattel mortgage which authorizes possession to be taken in case of a sale of the property." *State* v. *Althaus,* 60 Mo. App. 122. Now, it is agreed that this property was sold under execution.

An attachment of the property would not mean a selling of the property, but seizure on a writ of execution and the sale of the property is a sale, and violates that clause in the deed of trust which reads "sell or otherwise dispose of property." Cyc. on Chattel Mortgages, and *Straub* v. *Simpson,* 74 Mo. App. 230; *State* v. *Murphy,* 64 Mo. App. 63; *Brown* v. *Hawkins,* 54 Mo. App. 75; *Ashley* v. *Wright,* 19 Ohio St. 291.

The appellant admits that the property was sold under execution, and this being true all of the authorities are agreed that where a deed of trust or mortgage contains the clause that the mortgagor shall not sell or otherwise dispose of the property, and in that event if it is sold, the terms of the mortgage are broken whether the note be due or not due, and even though the sale be made on the levy of an execution, the sale nevertheless has been made, and violates the conditions of the deed of trust. We, however, do not admit that the note and deed of trust was not due, and in this statement the transcript of the record, and the declaration in replevin and the recorded instrument itself supports our contention.

Argued orally by *L. P. Spinks,* for appellant, and *R. E. Wilbourn,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an action of replevin in which the appellee, who was the plaintiff in the court below, was awarded the possession of a piano. The declaration alleges:

"That heretofore, on or about the 31st day of March, 1924, Mrs. Vade Woods and her husband, K. G. Woods, executed and delivered a note to the Bank of Kemper, secured by a deed of trust on one Kingsbury piano made

by the Cable Company of Chicago, Ill., of the value of four hundred dollars, which said property was and is in Kemper county, Miss. That said deed of trust is of record in the records of Kemper county, Miss., in trust deed record No. 28 and at page 37 thereof, reference to which is here made, and same is asked to be considered as though it was a part hereof. That the said piano is the property of H. G. Hucherson, substituted trustee for the Bank of Kemper, and that R. M. Quarles, the defendant, has the possession of said property, and unjustly refuses to deliver same to this plaintiff as trustee for the Bank of Kemper.''

Copies of the note and deed of trust referred to in this declaration were not filed therewith.

On the trial of the case the appellee was permitted, over the objection of the appellant, to introduce in evidence the note and deed of trust referred to in the declaration; the ground of the appellant's objection thereto being that copies thereof were not filed with the declaration.

The note secured by this deed of trust was not due when this action was begun. One of the provisions of the deed of trust is:

''. . . . And until said note is due and default is made in its payment I am to remain in quiet and peaceable possession of the property herein conveyed, unless I should, at any time before maturity of said note, sell or otherwise dispose of some part of said property without the consent of the said Bank of Kemper, in which event the title to the property herein conveyed shall be vested absolutely in the said R. A. Bryan, trustee as aforesaid, and he shall therefore be vested with the power and right to sell the same, and apply the proceeds of said sale as if the note was due and default of payment had been made; and if the trustee herein appointed should die, or shall at any time fail or refuse to act, then the said Bank of Kemper is hereby fully authorized to appoint another trustee, who shall be clothed with the

same authority to execute this trust that the R. A. Bryan is vested with.''

The appellant, pursuant to this provision of the deed of trust, was appointed trustee therein in place of Bryan, by a written instrument executed before, but which was not filed for record in the office of the chancery clerk until after, the commencement of this action.

After the execution of the deed of trust, and before this action was commenced, the piano was sold to the appellant by a constable under an execution issued on a judgment rendered against Woods, pursuant to which sale possession of the piano was surrendered by Woods to the appellant. It does not appear from the record whether the lien of this judgment was superior to that of the deed of trust, but no point is made thereon by counsel for either party.

The appellant's contentions are: (1) The deed of trust under which appellee claims was not admissible in evidence for the reason that a copy thereof was not filed with the declaration. (2) This action was prematurely brought for two reasons: (a) The instrument by which the appellee was appointed as substituted trustee in the deed of trust had not been filed for record in the office of the chancery clerk; and (b) the note secured by the deed of trust had not matured, and the piano had not been sold or otherwise disposed of by Woods.

Sections 734 and 735, Code of 1906 (sections 517 and 518, Hemingway's Code), provide that:

''In actions founded on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration; and evidence thereof shall not be given on the trial unless so annexed or filed.

''A copy of any writing of which profert is made, or ought to be made, in any pleading, shall be annexed to or filed with the pleading, with the names of the subscribing witnesses, if any, and evidence thereof shall not be given at the trial unless so annexed or filed.''

In order for a writing to be the foundation of an action, it must be of such character that it cannot be availed of as the basis of the plaintiff's claim unless it is alleged and counted on in the declaration. It was only of such writings, and of a very limited class thereof, that profert was necessary at common law. Andrews Stephen's Pleading (2d Ed.) section 256; 31 Cyc. 547; 16 Enc. of Pleading and Practice, 1082.

Replevin is not an action *ex contractu,* but is one *ex delicto. Burrage* v. *Melson,* 48 Miss. 237; 34 Cyc. 1354; 24 Am. & Eng. Ency. of Law (2d Ed.) 477. It does not arise out of and is not founded on contract, but arises out of fault, misconduct, or malfeasance; to-wit, wrongful taking or detention of property. 23 R. C. L. 854. Consequently a writing evidencing the plaintiff's title to the property is not the foundation of the action but is a mere matter of inducement.

A declaration in replevin which alleges ownership is sufficient (*Young* v. *Terry,* 129 Miss. 281, 92 So. 76), and allegations therein, which set forth the evidence on which the ownership is based, are surplusage and may be disregarded. *Odom* v. *Harris,* 34 Miss. 410, 31 Cyc. 556; *Conner* v. *Bludworth,* 54 Cal. 635; *Parker* v. *Brooks,* 16 Ill. 64.

Section 2773, Code of 1906 (section 2277, Hemingway's Code), requires the appointment of a substituted trustee in a deed of trust on real property to be recorded in the office of the chancery clerk of the county where the land is situated, but we have been referred to no statute requiring the recording of the appointment of a substituted trustee in a deed of trust on personal property, and we know of none such. In the absence of such a statute, the substitution of such a trustee is complete when made in accordance with the provisions therefor in the deed of trust.

The sale of the piano under the execution on a judgment against Woods was in effect a sale by him. When Woods permitted a judgment to be rendered against him, he thereby, to all intents and purposes, authorized the sale

of the piano in the manner provided by law for the satisfaction of the judgment, and the officer making the sale was in effect his agent for that purpose. Moreover, the right of the appellee to the possession of the piano, prior to default being made in the payment of the debt secured by the deed of trust, is not restricted to the sale of the piano by Woods. The language is "sell or otherwise dispose of" it, and a disposition of the piano, which is the equivalent of and has the same effect as a sale thereof by Woods, is clearly embraced therein. The action, therefore, was not prematurely commenced.

*Affirmed.*