SLAWSON, Appellant, v. CHISESI AND CO., INC.

———

(April 11, 1927. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. Louisiana Digest—Factor or Commission Merchant—Par. 4, 24, 41.

A commission merchant who solicits a consignment of rabbits for sale guaranteeing a certain market price on arrival, cannot escape liability up to the amount of the guarantee on the ground that the rabbits were lean, if they were in the ordinary condition prevailing at the place of shipment.

2. Louisiana Digest—Estoppel—Par. 26, 40.

By receiving a part of his claim a creditor is not estopped from suing for the balance.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

Action by Frank Slawson against Chisesi and Co., Inc.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Dart & Dart, L. L. Bubourg, of New Orleans, attorneys for plaintiff, appellant.

R. R. Ramos, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for an accounting.

The plaintiff alleged that he resides in Greenfield, Missouri; that on September 20, 1924, plaintiff received from defendant, who resides in New Orleans, a card containing the following quotations:

"New Orleans, La., Dec. 27, 1924.
"We will guarantee you the market for arrivals here up to the 3rd of January, 1925. Rabbits * * * $4.25 a dozen.
"Yours very truly,
"N. CHISESI AND CO., INC."

That plaintiff thereupon shipped to defendant fifty and one-half dozens rabbits which were received by defendants on January 2, 1925, at 1:10 p. m.; that notwithstanding repeated demands and only after plaintiff had placed the matter in the hands of an attorney, plaintiff on February 14, 1925, received from defendant its check for $13.19 together with a pencil memorandum dated January 2, 1925, purporting to be the proceeds of sale of the rabbits shipped by plaintiff; that said memorandum reads as follows:

"Account sales of 5 barrels rabbits; received January 2, 1925, from Frank Slawson, Greenfield Mo.
447 Rabs. refuse, lean and skinny
$1.50 ----------------------------------------------$56.87
Freight ----------------------------------$36.00
Commission ------------------------------ 5.70    43.70

Bal. 1/2/1925-----------------$13.17

"These rabbits did not have any meat on at all. They were starved out. This is the reason they were hard to sell."

That the allegation that the rabbits did not have any meat is false, and plaintiff is entitled to recover from the defendant the difference between the amount guaranteed and $13.17 say $165.45; that the defendant has refused to furnish plaintiff with a list of the persons to whom the rabbits were sold.

The defendant filed a plea of estoppel based on the ground that the plaintiff received the check sent to him by the defendant for $13.70 and cashed it.

For answer defendant alleged that he is a commission broker in the city; that the prices quoted by him were exclusive of freight and broker's commission of ten per cent; that he received only 447 rabbits or 37¼ dozens; that they were extremely poor in flesh and so thin that he was unable to sell them to the ordinary trade but was forced to dispose of them to peddlers; that he had no opportunity to examine the rabbits as the express company demanded payment of freight before delivery; that owing to the poor condition of said rabbits the defendant was forced to keep them in cold storage.

There was judgment in favor of defendant dismissing plaintiff's suit and he has appealed.

The plea of estoppel is without merit. It does not appear that the collection of the check has affected defendant's position injuriously. He owed the $13.70 and he paid it by check. His means of defense for the balance claimed remain the same even after the collection of the check. 96 U. S. 29; Wells vs. Sherrill Hardwood Lbr. Co., 151 La. 1081, 92 South. 76.

Charles Stewart, a member of the defendant firm, examined the rabbits and counted them on their arrival. No one else did. There were only 447 or 37¼ dozen rabbits; they were "lean and skinny"; they were received on January 2nd and put in cold storage, and were sold on February 14th; at the time he made returns he had received dunning letters from the plaintiff from his attorneys in Missouri and in New Orleans.

L. Alberti, a commission merchant in the same business, testifies that in December, 1924, and January, 1925, he received rab-

bits from Greenfield, Mo., and they were very poor, that condition is brought about by the weather; there was a drouth in 1924 and the rabbits could not get the proper amount of feed to keep them up; $1.50 a dozen is a fair price for rabbits during January, 1925. But the credibility of this witness has been successfully attacked for reasons which it would serve no useful purpose to state here.

On the other hand the record contains the testimony of the plaintiff and of two witnesses. Chester Riley and Charles Morrison. They all three testify that they have been in the rabbit business for several years; that they all three examined and counted the rabbits as they were packed; that there were 606 or 607 rabbits and that they were all in good condition; that the contention of the defendant that the rabbits were poor and lean in flesh was absolutely without foundation and untrue.

It will thus be seen that the preponderance of the testimony is vastly with the plaintiff. But the facts also speak in favor of plaintiff. The failure of defendant to inform the plaintiff of what · it called the lean and hungry condition of the rabbits as soon as discovered, his delay in selling the rabbits, his failure to make returns, sales until goaded on by plaintiff's attorneys in Missouri and in New Orleans, are all circumstances against him.

But the lean condition of these rabbits had nothing to do with the case. The testimony is that weather conditions affect the weight of rabbits; that they are now fat and then lean; that a drouth had prevailed in Missouri in December, 1924, which caused rabbits to be poor in flesh; that all rabbits shipped from Missouri about that time were all the same, rather lean.

The defendant being in that business must be charged with that knowledge. In making his quotations to the plaintiff he did not restrict, guarantee them, only to rabbits heavy in flesh, but "rabbits"; and he guaranteed the market price of $4.25 a dozen for them up to January 3, 1925.

The law is clear that when the quality of goods to be delivered is not specified the debtor fulfills his obligation by delivering a thing 'neither of the best nor of the worst, but of a good ordinary quality. C. C. 2156 (2152). This the plaintiff has done as the testimony shows.

The plaintiff's claim for 50½ dozens is established; at $4.25 a dozen equals $214.62. From this amount must be deducted the freight charges $36 and 10 per cent commission on $214.62 or $21.46 and $13.17 or a total of $70.63 leaving a balance due of $143.99.

It is therefore ordered that the judgment herein be reversed and avoided, and it is now ordered that defendant, N. Chisesi and Co., Inc., be condemned to pay to the plaintiff, Frank Slawson, one hundred and forty-three 99-100 dollars with five per cent per annum interest from July 3, 1925, till paid and all costs of suit.