NORTH v. DELTA CHEVROLET COMPANY, INCORPORATED.

(Division A. March 11, 1940. Suggestion of Error Overruled April 8, 1940.)

[194 So. 478. No. 34047.]

H. F. Jones, of Belzoni, for appellant.

W. H. Montjoy, of Greenwood, for appellee.

Anderson, J., delivered the opinion of the court.

Appellee, the Chevrolet Company, brought this action of replevin in the Circuit Court of Humphreys County against North, the appellant, to recover possession of a Chevrolet Automobile, 1938, model, with certain motor and serial numbers described in the declaration. After the evidence was all in, the court, on the request of the Chevrolet Company, directed a verdict and judgment for it. From that judgment, North prosecutes this appeal. There was no conflict whatever in the material evidence. The case was therefore one for a directed verdict one way or the other. Only questions of law are involved.

The following are the facts: On October 1, 1938, North purchased from the Chevrolet Company the car involved under a conditional sales contract. The price was $980.-50, of which $298.30 was paid cash on delivery, leaving

a balance unpaid of $682.20 which the contract provided should be paid in monthly installments of $37.90 each. Under the terms of the contract, the Chevrolet Company retained title to the car until the deferred payments were made in full. North made default in the payments. He was in arrears for three monthly installments of $37.90 each, being the June, July and August, 1939, payments. The Chevrolet Company employed an attorney to bring replevin for the automobile for the purpose of recovering the unpaid purchase-money balance. The contract provided that in the event of default in payments and it should be necessary to employ an attorney to enforce the contract, an attorney's fee of fifteen per cent should be added to the balance due. The declaration alleged, and the evidence showed, the value of the automobile to be $550, unpaid balance on the purchase price to be $416.90, and the attorney's fee of fifteen per cent on that amount to be $62.53, making a total of $479.43. North had the automobile on bond. The judgment was that he pay that amount, with the interest provided in the contract, or surrender the automobile to the Chevrolet Company.

North contends that it was error to grant a directed verdict and judgment for two reasons: (1) That the court erred in overruling his objection to the introduction by the Chevrolet Company of the conditional sales contract upon the ground that it had not been attached to the declaration as an exhibit thereto. (2) That the verdict and judgment is erroneous because the instruction directing a verdict for the Chevrolet Company was not marked filed by the clerk.

(1) Section 3098 of the Code of 1930 (part of the chapter on replevin) provides, among other things, that if the plaintiff in replevin recover, and the defendant has given bond for the property, the judgment shall be against the defendant and the sureties on his bond that they restore the property to the plaintiff, if to be had,

or pay him the value thereof or of his interest therein if a limited one.

The plaintiff in replevin is not required to set forth in the declaration his muniment of title. An allegation of ownership and right of possession is all that is necessary. Quarles v. Hucherson, 139 Miss. 356, 104 So. 148; Young v. Terry, 129 Miss. 281, 92 So. 76; Odom v. Harris, 34 Miss. 410.

(2) Although the peremptory instruction was not marked filed by the clerk, it is copied in the record, and, in addition, the record shows that the Chevrolet Company moved the court to grant such an instruction, which motion was sustained. There was no issue of fact for the jury to pass on. The Chevrolet Company was entitled to a directed verdict, both on the issue of liability and the amount of recovery. No discretion, therefore, was left to the jury. In such a case, the court is authorized to discharge the jury and enter the proper judgment without a verdict.

Affirmed.