ROBERTSON, Justice:
Herbert Blanton appeals from a judgment of the Circuit Court of Winston County dismissing his declaration in re-plevin wherein Blanton sought to recover *752 from Fred Sloan a pistol, cartridge belt and holster, and 23 rounds of ammunition.
On September 27, 1969, Blanton was convicted in the justice of the peace court of headlighting deer. He appealed his conviction to the circuit court of Winston County, and after several terms of court had passed without a trial, the circuit court on January 20, 1971, entered an order remanding the case to the files.
On August 19, 1972, R. W. Boydstun, Jr., attorney for Blanton, filed an affidavit in replevin in the justice of the peace court, district 1, Winston County, to recover for Blanton, as owner, the Ruger Super Black-hawk .44 Magnum Revolver, cartridge belt, holster, and 23 rounds of ammunition seized by Fred Sloan, Sheriff of Winston County, on September 27, 1969, when Blanton was convicted of headlighting deer. The declaration in replevin was filed on October 16, 1972, and contained the same information as the affidavit.
The justice of the peace dismissed the replevin action and on appeal to the circuit court, that court entered judgment, sustaining a motion to dismiss and finding:
“That the affidavit filed by the Plaintiff herein is insufficient both in form and in law and that the Declaration herein filed by the Plaintiff is insufficient, conclusory, and not sufficient to support any relief thereon.
“Also, the Motion to Dismiss is hereby sustained because of the untimely filing of this action.”
The circuit court was in error in sustaining the motion to dismiss on the three grounds assigned.
It was proper for the attorney to make the affidavit in replevin for the owner as long as the affidavit stated the name of the true owner of the property and that the owner was entitled to the immediate possession. Miss.Code Ann. § 11-37-1 (1972); Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878 (1931).
The declaration in replevin was a good declaration. This Court stated, in North v. Delta Chevrolet Co., 188 Miss. 252, 194 So. 478 (1940):
“An allegation of ownership and right of possession is all that is necessary.” 188 Miss, at 256, 194 So. at 479.
The circuit court relied on Mississippi Code Annotated Section 49-7-105 (1972) when it ruled that the replevin action was untimely filed, but that section is not applicable in this case.
We held in Kellogg v. Strickland, 191 So.2d 536 (Miss.1966):
“It is noted that the statutes supra provide for no notice, actual or constructive, to the owner or owners out of possession of the seized property before the property is declared forfeited and offered for sale. Because of this fatal defect, these statutes, Sections 5866-04 to 5866-06, Mississippi Code of 1942 Annotated (Supp.1964), are unconstitutional as to an owner out of possession and innocent of knowledge of the illegal purpose for which the firearm or other equipment is being used. They violate the Fourteenth Amendment to the United States Constitution and Section 14 of the Constitution of the State of Mississippi, as to such an owner out of possession. There must be notice of some kind, either actual or constructive, and an opportunity afforded to be heard before the property of an innocent owner out of possession can be forfeited; otherwise, the true owner is deprived of his property without due process of law.” 191 So.2d at 538.
The replevin action was prematurely brought, and we affirm the judgment of the circuit court dismissing the declaration in replevin for that reason alone. We affirm without prejudice to the appellant to *753 again bring an action to recover, if he is successful in securing a reversal of his conviction for headlighting deer.
Affirmed.
GÍLLESPIE, C. J., and PATTERSON, SMITH and SUGG, JJ., concur.